IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 19-00685 LEK-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | DISMISSAL ORDER |
| vs. | ) ) | |
| GOVERNORS, STATE OF HAWAII, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

Before the court is pro se Plaintiff Francis Grandinetti's most recent pleading and exhibits. Compl., ECF Nos. 1. Grandinetti styles this action as "Petitioner's Habeas Corpus Application for 'Permanent-Exile' Torts.'" *Id.* Grandinetti does not seek release from prison or challenge his conviction or sentence, however. Rather, he complains that he has been housed outside of Hawaii for nearly twenty-five years, renounces Hawaii as his permanent residence or domicile, and declares himself a citizen of New York, where he would like to be released at the expiration of his sentence. The Court therefore construes Grandinetti's pleading as a civil rights complaint, because he challenges the conditions of his confinement, i.e., his transfers to out-of-state prisons, rather than as a Petition for Writ of Habeas Corpus. *See Nettles v. Grounds*, 830 F.3d 922,

927 (9th Cir. 2016) (explaining that prisoner actions that do not seek immediate or speedier release from confinement cannot be brought under the habeas statutes).

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[1] He may not proceed in this action without prepayment of the civil filing fee, unless his pleadings show that he was in imminent danger of serious physical injury at the time that he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007). Neither the Complaint nor its exhibits suggest that Grandinetti is or was in imminent danger of serious physical injury when he filed this action, particularly by any conduct of the named Defendants, who are alleged to be past and present governors and lieutenant governors of the State of Hawaii. Nor does Grandinetti allege facts showing that there is a continuing practice that injured him in the past that continues to pose an "ongoing danger" to him. *Id.* at 1056.

Moreover, Grandinetti has no right to be incarcerated or released in the state of his choice or to be free from transfers to different states. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

(1976).  Thus, Grandinetti fails to state a colorable claim for relief that is not amenable to amendment.

Grandinetti may not proceed in forma pauperis in this action and he has not paid the civil filing fee for commencing a law suit.  He also fails to state a colorable claim for relief and amendment is futile.  This action is therefore DISMISSED with prejudice.  The Clerk is DIRECTED to terminate this case and enter judgment.  The Court will take no further action herein beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, January 10, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grandinetti v. Governors,, et al.*, No. 1:19 cv 00685 LEK WRP; 3 Stks '20 (not Hab, 1983 re. trsfs to Mainland, NY citizen)